ALAN A. DRESSLER, ESQ. (SBN #56916)
601 Montgomery St., Suite 850
San Francisco, California 94111
Tel.:    (415) 421-7980
Fax:    (415) 421-7021
E-mail:  alandressler@aol.com

Attorney for Defendant Michael Renquist

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FLORENCE FUNG, ) <br> ) <br> Defendant. ) <br> ) | No. CR 13-00805 CRB <br><br> DEFENDANT FUNG'S SENTENCING MEMORANDUM <br><br> Date:  April 26, 2018 <br> Time:  1:30 p.m. <br> Court:  Judge Charles R. Breyer |

### I. INTRODUCTION

Ms. Fung has entered a plea of guilty to a one count information alleging a violation of 15 U.S.C. § 1. The government and Ms. Fung have entered into a plea agreement which calls for a guideline sentence of 12-18 months with a U.S.S.G.§ 5K1.1 reduction, if appropriate, a fine between $4000 and $40,000, and restitution of $31,000. All parties agree that Ms. Fung is a criminal history Category I.

The parties and U.S. Probation have different positions regarding the type and length of the sentence and the amount of the fine that should be imposed. These disagreements will be discussed, *infra.*, however, they may be summarized as follows. The government is requesting a custodial sentence of 8 months and a fine of $4000. U.S. Probation is recommending a probationary sentence with six months of home detention and a fine of $145,000,000. Ms. Fung

is requesting a probationary sentence of four months and fine of $4000.

## II.    FACTUAL STATEMENTS IN THE PRESENTENCE REPORT

Ms. Fung has no objections to the facts set forth in the PSR, however, Ms. Fung and U.S. Probation agree that the PSR overstates Ms. Fung's net worth in the amount of $7,032,000.00. We therefore request that the final PSR be amended as follows:

The schedule of Ms. Fung's assets set forth PSR at ¶61 at p.13 refers to a "2017 Cadillac XTS" with a value of 27,000 and a "Smart Car" with a value of $5000.00. Both of these vehicles are leased and it is agreed that these two entries should be deleted.

The schedule of defendant's assets set forth PSR at ¶61 at p.14 refers to assets described as, "The Florence Fung Trust Fund" valued at $7,000,000.00 and "45 Properties - Business Owned" valued at $14, 790,000.00. There is no entity known as the "Florence Fung Trust Fund". There is a "Florence Fund Trust" which owns 45 properties and has a value of approximately $14, 790,000.00. This entity has no other assets. It is agreed that the reference to a "Florence Fund Trust Fund" valued at $7,000,000.00 should be deleted.

## III.   REQUEST FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

### A.  APPLICABLE SENTENCING LAW

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States*, 131 S. Ct. 1229, 1239-40 (2011) (citation omitted). This tradition is based on the principle that the punishment must fit the offender, not just the crime. *Id.* at 1240.

Following *United States v. Booker*, 543 U.S. 220 (2005), the Court must impose a sentence in accordance with 18 U.S.C. § 3553(a). In particular, the Court must fashion a sentence "sufficient, but not greater than necessary" to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a)(2). Those purposes include the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", "to

afford adequate deterrence to criminal conduct,", and "to protect the public from further crimes of the defendant. In determining whether a sentence is "sufficient, but not greater than necessary" to accomplish these purposes, courts must consider certain factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); the guidelines sentencing range and any applicable Sentencing Commission policy statements, § 3553(a)(4), (5); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6).

## IV.   SECTION 3553(a) FACTORS

### A. Ms. Fung's History and Characteristics

In determining a sentence "sufficient, but not greater than necessary" to provide "just punishment," the Court must consider the "characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Ms. Fung was born and raised in Hong Kong and lived there with her parents, brother and sister until the age of 16. Shortly after she turned 16 she left Hong Kong to attend the University of Hawaii in Honolulu on a scholarship. She obtained a Bachelors and a Masters Degree in accounting and became a Certified Public Accountant in 1991, shortly before she left Hawaii and moved to the Bay Area. During her ten years in Hawaii she received little or no financial or emotional support from her family. She visited her parents and siblings in Hong Kong once during the time she lived in Hawaii and they visited her on one occasion.  While she was a student she supplemented her student stipend by working at the school cafeteria and other odd jobs. She later became a nanny. She worked at a CPA firm in Hawaii before moving to the Bay Area in 1991.  After she arrived in the Bay Area she began to buy and rehabilitate real estate properties.  Ms. Fung is best described as a "loner" and as her letter to the Court reveals is a woman of few words. (Exhibit A) She is embarrassed and ashamed of her conduct in this case. We have not submitted letters from her family because she was too ashamed to tell them about her indictment. She has few friends, has never been married, and has no children. She has lived in the Sacramento area since 2010. She regularly visits with and cares for her mother, who is 79

1  years old and resides in San Francisco. She lives alone in a rural area of Sacramento County and

2  when not managing her properties, spends her free time gardening, growing vegetables and

3  raising chickens. She also does occasional volunteer work at Goodwill and the Salvation Army.

4  Ms. Fung also has a number of health issues which are discussed in the PSR at ¶¶ 52.-54.

5        **B.**   **Circumstances of the Offense**

6        In determining a sentence "sufficient, but not greater than necessary" to provide "just

7  punishment," the Court must consider the "circumstances of the offense." 18 U.S.C. §

8  3553(a)(1).

9        Ms. Fung was clearly not an organizer or leader of the conspiracy. (PSR ¶¶ 7.-8) Her

10 participation in the conspiracy was relatively short-lived. The conspiracy was in existence as

11 early as August of 2008  (See Plea Agreement in CR 13-246, Dkt 41 at pp. 2-3.)  Ms. Fung and

12 the government agree that she began participating in the conspiracy on February 24, 2009 and

13 that she ceased that participation on or about January 24, 2010, which was approximately one

14 year before the government's went "overt" on January 11, 2011. (PSR ¶ 13)

15       Ms. Fung fully accepts responsibility for knowingly joining in and receiving financial

16 benefits from the San Mateo conspiracy. She does not claim she was physically coerced or

17 otherwise intimidated into participating in the conspiracy. Notwithstanding the foregoing, it is

18 also true that there was a certain degree of economic coercion exerted by the organizers and

19 leaders of the conspiracy which affected her, and other individuals, who would have been happy

20 to engage in "unrestrained" bidding at the time they began participating in the auctions. We

21 respectfully suggest that the type of economic coercion which took place in this case, while

22 certainly not exonerating, is a mitigating circumstance in determining a reasonable sentence

23 withing the meaning of section 3553(a)(1).

24       **C**.   **Deterrence and Protection of the Public**

25       Sections 3553(a)(2)(A) - (C) direct the Court to consider a sentence sufficient to reflect

26 the seriousness of the offense, to promote respect for the law, to provide just punishment for the

27 offense, to afford adequate deterrence to criminal conduct, and to protect the public from further

28

Def. Fung's Sentencing
Memorandum in
CR 13-805 CRB

4

crimes of the defendant.

Ms Fung does not pose a threat to the community and there is no likelihood she will re-offend. This case has been a dark cloud which has hovered over her life for almost seven years and caused her great anguish. She has complied with all conditions of her pre-trial release. She is gainfully self-employed in managing her real estate holdings. She recognizes the seriousness of her offense and is prepared to accept whatever punishment the Court deems appropriate. As discussed above, she is a "self-made woman" and a "loner" will not need to resort to illegal activities to support her rather Spartan lifestyle.

Ms. Fung is now of an age which makes her more than unlikely to recidivate and she has no criminal history. A recent study conducted by the U.S. Sentencing Commission regarding recidivism by federal offenders, found generally, as other studies have found, that age and criminal history are the two most important factors in determining the likelihood that an offender would recidivate :

> ". . .consistent with existing research, [fn. omitted] two factors – offenders' criminal histories and their ages at the time of release into the community – were most closely associated with differences in recidivism rates. *Younger offenders recidivate at significantly higher rates than older offenders, and offenders with more extensive criminal histories recidivate at significantly higher rates than offenders with lesser criminal histories.* Regarding criminal history in particular, the Commission found that an offenders' total criminal history points, as determined under Chapter Four of the Commission's Guidelines Manual, were closely correlated with recidivism rates. (emphasis added). *Recidivism Among Federal Offenders: A Comprehensive Overview* (2016) at p.20

Based upon all of Ms. Fung's personal characteristics, we respectfully submit that she is not a threat to recidivate and does not pose a danger to the community.

///

///

Def. Fung's Sentencing
Memorandum in
CR 13-805 CRB

**D**.  <u>Restitution</u>

Section 3553(a)(7) consider the need to provide restitution to any victims of the offense. The government has determined that the proper amount of restitution arising out of Ms. Fung's conduct in this case is $31,000 and she has agreed to pay that amount to the victim banks set forth at PSR ¶ 64.

**E.  Excessive Punishment and Avoidance of Unwarranted Sentencing Disparities**

Section 3553 (a)(2)(A-C) requires that criminal sentences, including the imposition of a fine, reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. Section 3553(a)(6) requires that in determining the particular sentence to be imposed the court should avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The parties and U.S. Probation agree that Ms. Fung's sentencing range pursuant to the guidelines and the plea agreement is 12 to 18 months. However, the parties and U.S. Probation have differing positions with regard to the type and length of the sentence and the amount of the fine that should be imposed. We argue below (1) that the custodial sentence recommended by the government will create an unwarranted sentencing disparity between Ms. Fung and other defendant's in the instant case and other defendant's sentenced in this district for similar offenses, and (2) that the probationary sentence recommended by U.S. Probation is properly based on the need to avoid sentencing disparities, and (3) that the $145,382 fine recommended by U.S. Probation ignores that same need, and fails to adequately consider the factors set forth in both § 3553 (a)(1) and (2)(A-C).

The government has recommended an 8 month custodial sentence for Ms. Fung based solely on a 30% reduction from the low end of the agreed upon guideline range pursuant to U.S.S.G. § 5K1.1 and three years of supervised release. We submit that a custodial sentence of eight months does not adequately take into consideration any of the defendant's 3553(a) factors, including the need to avoid unwarranted sentencing disparities. The government recommended

custodial sentences for practically all of the co-operating defendants in this case and in a similar bid rigging scheme charged in the Oakland Division of this Court. In practically all of the Oakland cases the Court sentenced those defendant's to non-custodial sentences.

The government has recommended that Ms. Fung pay a fine of $4000, which is at the low end of the agreed upon $4,000 and $40,000 fine range set forth in the plea agreement.( Dkt. 36 at ¶ 8.) This fine range was initially agreed to by the parties in the original plea agreement, based on the application of the fraud Guidelines, and was carried over to the revised plea agreement. A fine of $4000 is consistent with the plea agreement and, as discussed below, appropriately avoids unwarranted sentencing disparities between the fines recommended for all of the co-operators in this case and fines imposed on other defendants charged with real estate auction bid rigging cases in this district.

We agree with U.S. Probation's recommendation that, based on the need to avoid unwarranted sentencing disparities and other 3553(a) factors, a non-custodial sentence of 3 years probation and home detention is appropriate:

> When determining a sentence recommendation, the undersigned considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." This factor was considered for a non-custodial sentence and variance below the advisory guidelines range as similarly situated defendants already sentenced in this district received non-custodial sentences. In consideration of the personal history and characteristics of the defendant noted above, and the need to promote respect for the law and to protect the public from further crimes of the defendant (18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C)), a non-custodial sentence of 3 years probation with 6 months home confinement is recommended. (PSR, Confidential Restricted Sentencing Memorandum at p.2)(Confid. Memo)

Although we certainly agree that a non-custodial sentence of three years probation is warranted, we respectfully submit that a sentence of four months home detention is more

appropriate based on all the facts and circumstances surrounding Ms. Fung's involvement in this case.

We disagree with U.S. Probation's recommendation that a fine of $145,000 be imposed. That recommendation is based on the following:

> The undersigned acknowledges and understands the time that was spent negotiating a Plea Agreement that agrees to a fine range between $4,000 and $40,000; however, this range appears too low to the undersigned as she has several liquid assets and could easily pay a fine at the high end of the guideline range. In determining a fine at the high end of the guideline sentence, the undersigned also sought guidance from USSG §5E1.2(d), which notes that a fine shall be used a punitive sanction and taken together with all other sanctions imposed. If the undersigned recommended a fine within the Plea Agreement range, the undersigned would also be inclined to recommend custody as such a low fine would be not be considered punitive, due her financial situation, without a combination of custody. If her financial situation was dire or more strained, then a lower fine within the Plea Agreement range would be warranted as it would be relatively more punitive even without custody. (Conf. Memo at p.2)

We suggest that the rationale underlying the above-quoted language results in a recommended fine that is excessively punitive[1] and would result in an extremely unwarranted disparity between Ms. Fung's fine and the fines recommended by the government for other co-operating defendants in this case and in other similar bid rigging cases in this district.

The government has recommended an 8 month custodial sentence for Ms. Fung based on a 30% reduction pursuant to U.S.S.G. § 5K1.1. The fine range in her plea agreement refers to the

---

[1] The fine amount recommended by U.S. Probation comes perilously close to violating the policy set forth in U.S.S.G. § 5H1.10 that socio-economic status is not a relevant factor in the determination of a sentence.

bid rigging guideline, U.S.S.G. § 2R1.1(c)(1), which is driven by the volume of commerce attributable to the defendant. In this case Ms. Fung's volume of commerce is $2,906,644 and under § 2R1.1(c)(1) results in a fine range of $29,076 to $145,382. (Plea Agreement at ¶ 8.) The government has recommended a $4000 fine based on the lower fine range set forth in fraud guidelines because of the particular circumstances of this case. Counsel for Ms. Fung has reviewed the plea agreements of most of the co-operating defendants in this case and it appears that in practically all of those agreements the government has recommended a similar custodial sentence and similar fine based on the lower fine range set forth in the fraud guidelines.

Rather than reciting the recommendations in all of those cases we refer the Court to the following cases: (1) In CR 12-785 CRB, the defendant's volume of commerce is $4,303,507, almost twice that of Ms. Fung's, yet the government has recommended fine of $4000 in that case. Just as importantly, the defendant in that case has the same total offense level as Ms. Fung and the government has recommended a custodial sentence of 7 months based on a 40% reduction pursuant to U.S.S.G. § 5K1.1. The defendant in that case has agreed to pay $5,250 in restitution; (2) In CR 13-388 CRB, the defendant's volume of commerce is $1,799,137 and the government is likely recommending a fine of $4000 and a custodial sentence of less than one year based on § 5K1.1. The defendant in that case has agreed to pay $7,000 in restitution. In CR 11-801, the defendant's volume of commerce is $3,470,900 and the government is also recommending a fine of $4000 in that case; and (3) In CR 13-804 CRB, the defendant's volume of commerce is $2,908,337 and the government is recommending a custodial sentence of 8 months based on a 30% reduction pursuant to U.S.S.G. § 5K1.1. and a fine of $5000. Counsel believes that the fine amount in that case is slightly higher than Ms. Fung's because the defendant is not required to pay any restitution. As noted elsewhere, Ms. Fung has agreed to pay $31,000 in restitution.

Based on the foregoing we request that the Court impose the $4000 fine recommended by the government.

///

///

Def. Fung's Sentencing
Memorandum in
CR 13-805 CRB

## V. THE COURT SHOULD IMPOSE A NON-CUSTODIAL SENTENCE AND A FINE OF $4000

Ms. Fung respectfully requests that the Court impose a sentence of three years probation and 4 months of home detention with location monitoring, based on the government's 5K1.1 motion and a downward variance pursuant to 18 U.S.C. § 3553(a). We also request the imposition of the $4000 fine recommended by the government and restitution in the amount of $31,000.

Ms. Fung has fully accepted responsibility for her conduct and provided substantial and significant assistance to the government. Her involvement in the conspiracy was short lived and she ceased active participation one year before the government's investigation became public.

Her indictment in this case has had a devastating effect on Ms. Fung, including the stress of not being able to share her anguish with her family. She has lived with the fear of going to jail for over six years. She has been a model pretrial detainee. She is 51 years old, has no children, lives alone and is not likely to recidivate. She left home at age 16 and attended the University of Hawaii on an academic scholarship. She has always worked to support herself and is a "self-made woman" in the truest sense of that term.

We respectfully submit that under all of the circumstances in this case the sentence we have requested is both reasonable and just.

Dated: April 19, 2018                                    Respectfully submitted,

                                                         _____/s/_____
                                                         Alan Dressler
                                                         Attorney for Defendant
                                                         Florence Fung

Def. Fung's Sentencing
Memorandum in
CR 13-805 CRB